# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FASTENERS FOR RETAIL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 11-cv-02164 |
| v. | ) |
| | ) Honorable Matthew F. Kennelly |
| GERALD ANDERSEN and | ) |
| K INTERNATIONAL, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANT K INTERNATIONAL INC.'S
## SUPPLEMENTAL SUBMISSION PURSUANT TO D.I. 95

As requested by the Court (D.I. 95), K International, Inc. submits this brief explaining the effect on K International's false marking counterclaim of the recent amendments to the false marking statute (35 U.S.C. §292) made by the Leahy-Smith America Invents Act ("AIA").

## FACTUAL BACKGROUND

K International's First Counterclaim[1] alleges that Fasteners for Retail, Inc. ("FFR") has falsely marked over 300 of its products on its website and in its catalogs as "patented" or "patent pending" for the past five years. Exhibit A annexed to the Counterclaims (D.I. 91 at Ex. A) ("Exhibit A") specifically identifies a first category of at least 120 FFR products that were marked as "patented" that were never covered by a patent. (CC at ¶¶ 13, 14, Ex. A). Exhibit A also identifies a second category of at least 25 FFR products where FFR marked the products as "patent pending" where the pending patent application had been abandoned or never existed. (CC at ¶¶ 13, 14, Ex. A). Finally, Exhibit A identifies a third category of at least 154 FFR products where FFR changed the marking of its products to "patented" instead of identifying the expired patent number that covered the product. (CC at ¶¶ 13, 14, Ex. A). In this third category, FFR intentionally changed the patent number to the word "patented" in order to deceive the public into thinking that FFR was the exclusive source of its products and make it difficult to determine if, in fact, a patent existed or has since expired. (CC at ¶¶ 17, 18). *See also* K International's Opposition to FFR's Motion to Dismiss (D.I. 84, §I at 3-14) (for a complete discussion of K International's allegations relating to FFR's intent to deceive). As is explained below, each of these three categories of false patent marking have not been exempted from liability based on the recent amendments to the false marking statute.

## ARGUMENT

**I.  K INTERNATIONAL HAS STANDING TO MAINTAIN AN ACTION UNDER 35 U.S.C. §292.**

As a preliminary matter, K International has standing under amended §292(b) to sue for

---

[1] "Counterclaim" or "CC" refers to K International's Fourth Amended Answer, Affirmative Defenses and Counterclaims (D.I. 91).

-1-

damages "adequate to compensate for its injury." As amended, §292(b) allows "[a] person who has suffered a competitive injury" to maintain an action for violations of § 292(a).

Since the enactment of the revised statute, courts have not yet interpreted the phrase "[a] person who has suffered a competitive injury." However, in a related context, in determining standing for false advertising plaintiffs, this Court has defined "assert[ing] a discernable *competitive injury*" as requiring "the plaintiff and defendant to be direct competitors." *Emerging Material Techs., Inc. v. Rubicon Tech., Inc.*, No. 09 C 3903, 2009 WL 5064349, at *3 (N.D. Ill. Dec. 14, 2009) (emphasis added), quoting *L.S. Heath & Son, Inc. v. AT&T Info. Sys., Inc.*, 9 F.3d 561, 575 (7th Cir. 1993). In other words, "a discernable competitive injury" has been interpreted to mean that the parties compete "at the same level of business." *Emerging Material*, 2009 WL 5064349, at *3.

As alleged in its counterclaims, K International is a competitor in the same market as FFR. (CC at ¶ 44). Also, FFR admits in its Complaint that K International is a competitor who sells to same market of customers and asserts that its products are similar to FFR's products. (D.I. 1 at ¶ 36). Furthermore, K International has alleged that due to FFR's false marking, FFR has discouraged K International from commercializing competing products, and that K International has suffered damages in the form of a loss of goodwill and a diversion of sales. (CC at ¶¶ 35, 44). Accordingly, K International has adequately asserted that it has "suffered a competitive injury" as required by the amended §292(b).

## II. K INTERNATIONAL'S COUNTERCLAIMS ARE ACTIONABLE UNDER AMENDED 35 U.S.C. §292.

The AIA creates a new subsection (§292(c)) stating that "[t]he marking of a product, in a manner described in subsection (a), with matter relating to a patent that covered that product but has expired is not a violation of this section." 35 U.S.C. §292(c). But, clearly, the AIA does not exempt from liability the marking of products as "patent pending" after a pending patent application is abandoned. Also the AIA does not exempt from liability the marking of products as "patented" when the product is not and has not been covered by any patent. K International

has alleged that FFR has engaged in such conduct on at least 145 products. (CC at ¶¶ 13, 14).

For example, K International's Counterclaims specifically allege and identify a first category of products, which are marked by FFR as "patented" when no patent has ever covered the products. (CC at ¶¶ 13, 14, 28, Ex. A). K International and its attorneys conducted a search of the United States Patent and Trademark Office ("USPTO") Assignment Index for patents owned by FFR to find patents that would cover the products marked as patented. Through this investigation, K International and its attorneys, discovered this first category of over 100 products that were never covered by a patent and each is identified in Exhibit A. This first category of falsely marked products are not exempted from liability by §292(c).

Additionally, K International has identified a second category of products advertised by FFR as "patent pending" that are covered by patent applications that were abandoned. (CC at ¶ 28, Ex. X). Exhibit A identifies at least 25 products that fall into this category. For example, the product, as depicted in Exhibit X, has been marked as "patent pending" for over 8 years although the pending patent application was abandoned. *Id.*

A reading of the plain language of the statute demonstrates (1) that the first category of products which have never been covered by an FFR patent but were marked as "patented" and (2) that the second category of products marked as "patent pending" when the pending patent application had long before been abandoned are not exempt from the false marking provisions, and thus are actionable.

**III. THE REMAINING PRODUCTS[2] MARKED AS "PATENTED" AND IDENTIFIED IN K INTERNATIONAL'S COUNTERCLAIM ARE ALSO ACTIONABLE.**

As identified in Exhibit A, a third category of falsely marked products includes those products that FFR marked as "patented" when the patent that had covered the product had expired. (CC at ¶ 16). Specifically, with respect to U.S. Patent No. 4,557,064, FFR had changed the marking of these products in its catalogs from identifying a specific patent number to merely

---

[2] With the exception of 16 products identified in Exhibit A, all of the remaining products that are not captured by the first two categories are included in this third category.

using the word "patented" to deceive the public. (CC at ¶ 17; Exs. C, D and E).

Although §292(c) would shield a patentee who marks a product with an expired *patent number* from a qui tam action, §292(c) does not address the FFR's practice of changing the *patent number* to the word "patented" when a patent is about to expire. Marking a product with the word "patented" is not "matter relating to a patent that covered the product but has expired" as is required to qualify for the exemption. 35 U.S.C. §292(c). Amended §292 does not address this third category of products, and furthermore, gives no reprieve to someone who later uses the word "patented" after first identifying the product with an expired patent number.

There is no indication in the legislative history that amended §292 was intended to address the present allegations. The legislative history of the AIA suggests that the legislature was concerned with the cost of removing marked products from commerce or changing the labels after the patent expired. *See* H.R. Rep. No. 112-98 Part 1, at 53 (2011). *See also* 112th Cong. Rec. H4433 (June 22, 2011) (Statement of Rep. Gallegly) ("By law, patent holders are required to place the patent number on their products. The problem is that after the patent expires, it may be very costly for a business to recall their products to change the label.").

Congress had no intention of providing a safe haven for patent holders like FFR who deceptively mark their products with the word "patented" at or about the time their patents are about to expire without identifying the particular patent number that covers the product. *Id.* By adopting the practice of changing the patent number to the word "patented", the public is unable to quickly ascertain if a product is actually covered by a patent or if the patent covering the product had expired. As explained in K International's Opposition to FFR's Motion to Dismiss, such a practice requires a competitor to incur the expense of searching the USPTO Assignment Index to retrieve each and every one of FFR's 90 patents. It then further requires a competitor to undertake a review of each patent that is identified and each product to determine if a product is covered by a valid, non-expired patent – which K International has undertaken. (D.I. 84 at 13).

Because it cannot be disputed that amended §292 does not address this third category of

product false marking as alleged by K International, namely FFR's practice of intentionally removing the patent numbers and identifying the products as "patented" to deceive the public, dismissal of the claims relating to this third category of products is not warranted.

Also with regard to this third category of products where the patent number was changed to the word "patented", a resolution of the instant motion at this time will not provide any savings to the parties nor be an efficient use of judicial resources. Regardless of the outcome, K International and FFR will need to engage in discovery relating to FFR's practice of falsely advertising over 300 products as "patented" or "patent pending" since the instant motion will not dispose of K International's Counterclaims relating to false advertising. Fact discovery needed to establish K International's false marking counterclaim overlaps with fact discovery needed to establish its false advertising counterclaim. Accordingly, it is premature to dismiss K International's false marking counterclaim relating to the third category of products until the factual record with respect to FFR's practice of changing the patent number to "patented" is fully developed. *See Powell v. City of Chicago*, 94 F. Supp. 2d 942, 946 (N.D. Ill. 2000) (denying a partial motion to dismiss because the parties would have to conduct discovery regardless of the outcome of the motion).

## CONCLUSION

For the foregoing reasons, K International respectfully requests that the Court deny FFR's motion to dismiss each of the categories of false marking as set forth in K International's False Marking Counterclaim.

Dated: September 28, 2011                    Respectfully submitted,

George Gerstman, Esq.                        s/Steven B. Pokotilow/
Daniel J. Schwartz, Esq.                     Steven B. Pokotilow
SEYFARTH SHAW LLP                            STROOCK & STROOCK & LAVAN LLP
131 South Dearborn Street                    180 Maiden Lane
Suite 2400                                   New York, NY 10038
Chicago, IL 60603                            Tel: (212) 806-5400
ggerstman@seyfarth.com                       spokotilow@stroock.com
dschwartz@seyfarth.com

*Attorneys for Defendant K International, Inc.*

-5-

NY 73576044